Jambs E. Mulcahy, J.
This action was tried by the court without a jury. Formal findings of fact and conclusions of law were waived. The action is for damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. I hereby decide in favor of the defendant and dismiss the complaint on the merits and direct that judgment be entered accordingly.
Thirty days ’ stay of execution. Sixty days to make a case.
The plaintiff, a young man, proceeded by his motorcycle from New York City to Lake Mahopac in Putnam County. By prearrangement he met a young friend who invited him to join with his companions in swimming from the property of the defendant. Among the companions was a son of the defendant and it would appear that the plaintiff was in the position of “ a social guest”. The defendant had owned lake shore property for a number of years but rarely went to visit the premises. There was a wooden dock on the defendant’s land built by a son of the defendant with the assistance of some friends, with the knowledge of the defendant, and without protestation on his part. There was no building on the land but the property was allowed by the defendant to be used by his family and friends for swimming purposes. The testimony indicates that, in addition, the defendant received payment from one or two persons, for the seasonal use of his premises for swimming, by their summer tenants. From the facts the defendant could not be said to be operating a public beach or place of public amusement for an admission fee.
From the uncontradicted testimony it appears that the plaintiff after having imbibed some beer with the other members of the group was participating in some acrobatics which included “ a double dive ” in which he was standing on the shoulders of a companion and the two of them were to dive from the dock at the same time. The athletes became a little wobbly and propelled themselves into the water rather precipitously with the result that the plaintiff received a laceration of his scalp which he says resulted from coming in contact with a rock which was submerged at the bottom of the lake. The *293 plaintiff did sustain rather serious injuries resulting in a temporary paralysis which confined him to a hospital for some months and which it is claimed prevents him from pursuing his usual occupation as a truck driver.
There was a conflict in the testimony as to the existence of such a rock and there is a complete lack of proof that the defendant had knowledge, or in the exercise of reasonable care, should have known of the existence of such a rock and whether such rock, if it existed, constituted 88 a hidden danger ”.
As a social guest the plaintiff is a licensee and not an invitee and takes the premises as he finds them (Wilder v. Ayers, 2 A D 2d 354, affd. 3 N Y 2d 725) and the defendant is only under obligation to warn guests of hidden dangers of which he has knowledge (Krause v. Alper, 4 N Y 2d 518). Therefore it appears that there is no liability on the part of the defendant.